IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>THE CITY OF CHICAGO and TRACEY PAYNE, in her capacity as the Acting Commissioner of the Chicago Department of Aviation,<br><br>   Defendants. | Case No. 25-cv-4874<br><br>Hon. Judge Joan H. Lefkow |

**MEMORANDUM IN OPPOSITION TO**
**UNITED AIRLINES, INC.'S MOTION TO INTERVENE**

**INTRODUCTION**

  United Airlines, Inc. ("United") improperly seeks to intervene as of right in a dispute over a lease to which United is not a party, and the Court should not allow it. American Airlines, Inc. ("American") sued the City of Chicago (the "City") and the Acting Director of the City's Department of Aviation, asserting that the City is violating the terms of American's lease at O'Hare International Airport ("O'Hare"). That lease is personal to American. There are no other parties. For those reasons, the dispute here is between American and the City. But United—another airline with its own independent lease with the City—seeks to intervene *as of right* in American's contract dispute with the City because it claims this case will impact its economic interests and its own contract with the City.

  Controlling precedent from the Seventh Circuit and cases from this Court and others make clear that United has no right to intervene as of right in a case about a lease to which it is not a party and which grants it no rights or benefits. Put simply, United is a stranger to American's lease

and therefore a stranger to American's lawsuit against the City. That United may have its own lease with the City—one to which American is not a party—does not give United a right to intervene in this action.

Notably, United has other procedural pathways to seek to be heard, such as permissive intervention. *See* Fed. R. Civ. P. 24(b). United strategically chose not to request permissive intervention and instead opted to pursue only intervention as of right under Rule 24(a) in the hopes of divesting this Court of jurisdiction. United has made that purpose clear, admitting that if it is permitted to intervene as of right, it will then move to dismiss this case on jurisdictional grounds. Mem. of Law in Support of Mot. to Intervene ("Mot. to Intervene") at 1 & n.1. United's transparent effort to prevent this Court from hearing this case is misguided and legally flawed. Because United has not met, and cannot meet, its burden to show it has a right to intervene, its motion should be denied.[1]

## BACKGROUND

This case concerns the City's decision to initiate a redetermination of gate space at O'Hare. *See* Compl. ¶¶ 8-14. American alleges that this redetermination violates American's lease with the City, called the Airline Use and Lease Agreement. *See id.* ¶¶ 5, 8-10.

The lease at issue here is a contract between two parties—American and the City. The lease's prefatory language provides that:

> This AIRLINE USE AND LEASE AGREEMENT ("Agreement") is made by and between the **City of Chicago** (the "City"), a municipal corporation of the State of Illinois, and **American Airlines, Inc.** ("Airline"), a corporation organized and existing

---

[1] To the extent United truly cares about being heard in this case in this Court, it could have filed a motion for permissive intervention under Rule 24(b). It did not. To the extent United makes such a request going forward, American will respond accordingly.

> under the laws of the State of Delaware and authorized to do business in the State of Illinois.

Compl., Ex. 1 at 1. No other party is named. The lease's execution page likewise notes that the contract has only two parties:

> **IN WITNESS WHEREOF**, the City has caused this Agreement to be executed on its behalf by its Mayor, pursuant to due authorization of the City Council of the City, and its seal to be hereunto affixed and attested by the City Clerk of the City, and Airline has caused this Agreement to be executed on its behalf by its Executive Vice President, Corporate Affairs, pursuant to due authorization, all as of the day and year first above written.

*Id.* at 132. Further, the lease clearly provides that it confers no rights or benefits on any party not named in the contract:

> Unless otherwise provided in this Agreement, this Agreement is for the sole benefit of the parties hereto and their permitted assigns and nothing herein expressed or implied shall give or be construed to give to any person or entity other than the parties hereto and their assigns any legal or equitable rights hereunder.

*Id.* at 130.

United signed its own independent lease with the City, which makes clear that neither American nor anyone else is a party to the agreement between United and the City. Mot. to Intervene, Ex. 1. It is a lease "by and between the City of Chicago . . . and United Airlines, Inc." and expressly states there are no third-party beneficiaries to that lease. *Id.* at 1, 130-31. As a lease between the City and United, it was executed by only the City and United. *Id.* at 132.

## **ARGUMENT**

To intervene as of right, a prospective intervenor bears the burden to establish four elements: (1) a timely application; (2) an interest relating to the subject matter of the action; (3) the potential impairment of that interest by the disposition of the action; and (4) a lack of adequate representation by the existing parties to the action. *See* Fed. R. Civ. P. 24(a)(2); *Planned*

3

*Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019). Failure to satisfy any one of the four intervention elements is sufficient grounds to deny the intervention motion. *See United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003-). United has failed to meet its burden because (i) United does not have a legally protectable interest in this litigation; (ii) this suit would not impair United's interests; and (iii) United has not overcome the presumption that the City can adequately represent its interests. Because United is not a party to the lease made the subject of this suit and because United maintains its own lease agreement with the City under which it can enforce its rights at O'Hare, United should not be allowed to intervene here. The motion should be denied.

**I.      UNITED DOES NOT HAVE A LEGALLY PROTECTABLE INTEREST**

A party seeking to intervene must show a "direct, significant, and legally protectable interest" in the subject matter at issue in the suit. *Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 658 (7th Cir. 2013); *see also Keith v. Daley*, 764 F.2d 1265, 1269 (7th Cir. 1985) ("Intervention as of right requires a direct and substantial interest."). The interest "must be based on a right that belongs to the proposed intervenor rather than to an existing party in the suit" and "must be so direct that the applicant would have a right to maintain a claim for the relief sought." *Keith*, 764 F.2d at 1268 (quotations omitted); *accord Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) ("[T]he interest [must] be one which the *substantive* law recognizes as belonging to or being owned by the applicant. Thus, a legally protectable interest is an interest that derives from a legal right." (citations omitted)).

United claims that it has a legally protectable interest because (A) it is a party to the lease at issue in this suit and (B) American's lawsuit affects "United's rights and economic interests." Mot. to Intervene at 5; *see id.* at 6-8. Both arguments fail.

4

### A. United Has No Protectable Interest In American's Lease With The City

United claims it is entitled to intervene because this suit "concerns the interpretation of a provision in a contract to which United is a party." *Id.* at 5. That is plainly wrong, or materially misleading, at best. United is not a party to American's lease. And, because contractual privity is required, United has no right to intervene.

#### 1. United Is Not A Party To American's Lease

United is *not* a party to the lease at issue in this action. The lease, attached to American's Complaint as Exhibit 1, is "by and between" the City and American and was executed by only the City and American. Compl., Ex. 1 at 1, 132. United is never mentioned in American's lease, did not execute American's lease, and is not a party to American's lease. And because the lease expressly provides that "nothing herein expressed or implied shall give or be construed to give to any person or entity other than the parties hereto and their assigns any legal or equitable rights hereunder," United has no rights to exercise under American's lease. *Id.* at 130.

While the terms of American's lease may be identical to United's lease and might contemplate lessees at O'Hare having some kind of day-to-day operational engagement with each other, that is not enough to give United a legally protectable right in American's lease with the City and therefore is not enough to allow United to intervene as of right. Like most leases with the same landlord at the same facility—such as a lease for an apartment in a multi-unit building or for a store in a shopping mall—American's lease uses language common to the leases the City has entered into with other airlines at O'Hare. And like many (if not most) leases in commercial and residential contexts, the lease may include identical provisions across lessees, contemplate that lessees will operate in close proximity on the leased premises, and establish rules and guidelines governing such engagement. But lessees are not in privity with each other simply because they share a common landlord, have substantially similar leases, or must engage with one another

5

pursuant to the lease's terms. Contractual privity is technical. Explicit contractual text naming parties and defining their relationships always controls. *See James v. SCR Med. Transp., Inc.*, 61 N.E.3d 1043, 1052 (Ill. App. Ct. 2016), 2016 IL App (1st) 150358, ¶ 23 (1st Dist. 2016) ("There is . . . a strong presumption in Illinois that the contracting parties intend that the terms of their agreement apply only to them, not to others. . . . If the contract does not identify [an individual] by name or the class to which he belongs, then the [individual] is not a third-party beneficiary of the contract."). Indeed, if United were a party to American's lease, American would have named United as a defendant in this suit. But American did not name United because it has no right to sue United. This only underscores that United has no right to force its way into this case.

### 2. Contractual Privity Is Required To Intervene As Of Right

Because United is neither a party to nor a third-party beneficiary of the lease at issue, it has no "direct, significant, and legally protectable interest" in the subject matter of this suit. *Walker*, 705 F.3d at 658. To intervene, United's interest "must be based on a right that *belongs to* [it]." *Keith*, 764 F.2d at 1268 (emphasis added); *see also Mt. Hawley Ins. Co.*, 425 F.3d at 1311 ("[A] legally protectable interest is an interest that derives from a legal right."). United has no rights whatsoever under American's lease. *See* Compl., Ex. 1 at 130. Nor does United have an independent "right to maintain a claim for the relief sought" under American's lease. *Keith*, 764 F.2d at 1268 (quotations omitted); *see also Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1022 (7th Cir. 2006) ("The interest must be a claim to a legally protected right that is in jeopardy and can be secured by the suit."). United could not sue American under American's lease because there is no contractual privity between them. And United could not sue the City under American's lease because it has no rights under that lease. Because United is a stranger to the lease at issue in this suit, it is necessarily also a stranger to this suit concerning that lease.

6

The Seventh Circuit, courts in this District, and other courts frequently deny intervention motions in similar circumstances where a non-party to a contract seeks to intervene in a dispute concerning that contract. In *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, for example, the Seventh Circuit affirmed the denial of a motion to intervene where the proposed intervenors did not have a legal, contractual interest in the agreement that was the subject of the action. 683 F.2d 201, 204 (7th Cir. 1982). There, two brothers had inherited a share of the "rights and interests" of their father's company, which included the joint venture agreement at issue in the case. *Id.* at 202. But because the "terms of the agreement under which [the proposed intervenors] claim[ed] their interest specifie[d] that they are not to be considered partners in the joint venture," the proposed intervenors "ha[d] no legal interest in the continuation or dissolution of the joint venture agreement which [wa]s at issue in th[e] litigation." *Id.* at 204; *see also Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 323 (7th Cir. 1995) (noting that *Meridian Homes* held that intervention was prohibited where the proposed intervenor "had absolutely no legal interest in the agreement itself"). The proposed intervenors' economic interest in the dispute was not enough. Contractual privity was required. *See Meridian Homes*, 683 F.2d at 204 (recognizing that the proposed intervenors had an "indirect interest" insofar as "their rights to profits may be affected," but had no "legal interest"). Because United is not a party to American's contract with the City, and because that contract disclaims any third-party beneficiaries, United is akin to the brothers in *Meridian Homes* and has no right to intervene.

Similarly, in *Lloyd's Syndicate 3624 v. Biological Resource Center of Illinois, LLC*, Judge Blakey denied intervention where the proposed intervenors held "no legal interest in the insurance contract between" the two parties in the suit. No. 18-cv-115, 2018 WL 3861559, at *3 (N.D. Ill. Aug. 14, 2018). That the "Court's interpretation of" the contract "certainly could affect" the

proposed intervenors was not enough. *Id.* Contractual privity was required. *See id.* Other courts frequently apply the same rule and deny intervention on the same grounds. *See, e.g.*, *Mt. Hawley Ins.*, 425 F.3d at 1311 (affirming denial of intervention where proposed intervenor was "not a party to the Mt. Hawley insurance policy and ha[d] no legally protectable interest in that insurance policy"); *Westlands Water Dist. v. United States*, 700 F.2d 561, 563 (9th Cir. 1983) (affirming denial of intervention because proposed intervenor did not have "a legally protectible interest . . . in a suit involving rights under contracts to which it [wa]s not a party"); *Rosebud Coal Sales v. Andrus*, 644 F.2d 849, 850-51 (10th Cir. 1981) (affirming denial of intervention where proposed intervenor was not party to lease at issue in suit and thus had "no greater interest . . . than that shared by total strangers," even though outcome of litigation would have directly impacted proposed intervenor's own, independent lease); *Fuel Avenue, Inc. v. Nat'l Brokers of Am., Inc.*, 329 F.R.D. 461, 464 (S.D. Fla. 2019) (denying intervention where proposed intervenor was not a party to the contract at issue). The same is true here.

### B. United's Concerns Regarding Possible Economic Or Practical Impacts Of This Case Do Not Create A Legally Protectable Interest

United also argues it has a protectable interest because this suit "affects United's rights and economic interests." Mot. to Intervene at 5. That purported interest is insufficient to intervene as of right.

It is well established that "a mere 'economic interest' is not enough" to intervene as of right. *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009); *see Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 947 (7th Cir. 2000) (proposed intervenor's desire to avoid lost profits as a result of litigation did "not resemble any [interest] that the law normally protects"); *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 251 (5th Cir. 2009) ("[A]n economic interest alone is insufficient, as a legally protectable interest is required for intervention under Rule 24(a)(2), and

8

such intervention is improper where the intervenor does not itself possess the only substantive legal right it seeks to assert in the action." (citation omitted)); *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) ("An economic interest in the outcome of the litigation is not itself sufficient to warrant mandatory intervention."); *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) ("[A] mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene."); *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993) ("An economic stake in the outcome of the litigation, even if significant, is not enough.").

United tries to skirt this longstanding rule by relying on *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742 (7th Cir. 2020), to argue that its "direct economic interest . . . warrants intervention." Mot. to Intervene at 6. But there the parties *agreed* that the proposed intervenors "h[e]ld a valuable property interest in the permit that [wa]s under attack in th[e] litigation," a permit the proposed intervenors had applied for and secured. *Driftless*, 969 F.3d at 746. United lacks a comparable property interest in the subject of this dispute because United is not a party to American's lease.[2] Because the parties in *Driftless* agreed that the proposed intervenors had a "valuable property interest" in the permit—a paradigmatic legally protectable interest—"[t]he only disputed question [wa]s whether the existing defendants—the Commission and its members—adequately represent[ed] their interests." *Id.* In other words, *Driftless* considered the fourth intervention factor (a lack of adequate representation by the existing parties to the action), not the

---

[2] United also cites *Atain Specialty Insurance Co. v. Hodge*, No. 3:21-cv-00415, 2022 WL 4367358 (S.D. Ill. Sept. 21, 2022). Mot. to Intervene at 8. But there the court found that its judgment could have preclusive effect against the proposed intervenors because the court's resolution of an insurance coverage question would necessarily "impact whether Intervenors breached a contract for failure to obtain appropriate insurance coverage." *Atain Specialty*, 2002 WL 4367358, at *2. United has made no argument that this action would have preclusive effect in any other proceeding.

9

second (an interest relating to the subject matter of the action). Contrary to what United asserts, Mot. to Intervene at 6, *Driftless* never passed on whether a "direct economic interest" like the one United asserts in its motion was sufficient to constitute a "direct, significant, and legally protectable interest," *Walker*, 705 F.3d at 658 (quotations omitted). And settled precedent makes clear that such an economic interest is not enough. *See Flying J*, 578 F.3d at 571; *see also Philips Med. Sys. (Cleveland), Inc. v. Buan*, No. 19-cv-2648, 2022 WL 16635551, at *3 (N.D. Ill. Nov. 2, 2022) ("The Proposed Intervenors' interest is merely an economic interest that might be indirectly affected by [the litigation]. This is not sufficient to warrant intervention under Rule 24(a)(2)."). Because United has no legally protectable interest in the subject matter of this suit, it is not entitled to intervene as of right.

## II.   THE DISPOSITION OF THIS ACTION WILL NOT IMPAIR UNITED'S PURPORTED INTEREST

United's motion to intervene should also be denied because this action will not impair United's supposed interest in this suit. "Impairment exists when resolving a legal question in the original case 'would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceeding.'" *Lloyd's Syndicate 3624*, 2018 WL 3861559, at *4 (quoting *Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994)). "Foreclosure" is "measured by the general standards of stare decisis." *Revelis v. Napolitano*, 844 F. Supp. 2d 915, 925 (N.D. Ill. 2012); *see also Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977); *Nuesse v. Camp*, 385 F.2d 694, 701-02 (D.C. Cir. 1967). Thus, where a proposed intervenor would remain free to pursue any claim against one of the parties regardless of the outcome in the action they seek to join, its interests are not impaired. *See Shea*, 19 F.3d at 347.

That is the case here. United remains free to initiate an action against the City under its own independent lease with the City. This suit "would not have any preclusive effect" on such an

action, so it will not impair the interest that United asserts. *Meridian Homes*, 683 F.2d at 204; *see, e.g.*, *Taylor v. Sturgell*, 553 U.S. 880, 892-95 (2008) (preclusion principles do not apply to non-parties, except in circumstances not present here).

### III. THE CITY ADEQUATELY REPRESENTS UNITED'S SUPPOSED INTERESTS

Finally, United's motion to intervene should be denied because its supposed interests are adequately represented by the City. "Where the prospective intervenor and the named party have the same goal . . . there is a rebuttable presumption of adequate representation that requires a showing of some conflict to warrant intervention." *Kaul*, 942 F.3d at 799 (quotations omitted). This analysis "requires a discerning comparison of interests." *Driftless*, 969 F.3d at 748. It is not enough that there be difference of interests. Seventh Circuit authority requires actual conflict. *See Kaul*, 942 F.3d at 799. "A conflict . . . that boils down to a mere difference in preferred litigation tactics or strategy will not suffice." *T.K. ex rel. Leshore v. ByteDance Tech. Co.*, No. 19-cv-7915, 2021 WL 1172767, at *6 (N.D. Ill. Mar. 29, 2021).

Here, United and the City share the same goal—proceeding with gate redetermination. *See Bost v. Ill. State Bd. of Elections*, No. 22-cv-02754, 2022 WL 6750940, at *5-6 (N.D. Ill. Oct. 11, 2022) (parties had "same goal" where they sought same substantive outcome of underlying legal claim), *aff'd*, 75 F.4th 682 (7th Cir. 2023); *see also Pub. Serv. Co. of N.M. v. Barboan*, 857 F.3d 1101, 1113-14 (10th Cir. 2017) ("When the applicant and an existing party share an identical legal objective, we presume that the party's representation is adequate."). This triggers the presumption of adequate representation, which United must rebut. But United has not, and cannot, overcome the presumption.

United argues the City cannot adequately represent its interests because United reports to shareholders whereas the City represents the public interest. Mot. to Intervene at 9. That is wrong. The City is a landlord at O'Hare, not a regulator. And United is a lessee, not a regulated entity.

11

*Cf. Driftless*, 969 F.3d at 748 (finding inadequate representation where government party was "a regulatory body, and its obligations [we]re to the general public, not to the transmission companies or their investors"). The City has a legally binding, contractual obligation to United to perform pursuant to the terms of United's lease. And when a lessor and lessee are aligned as to the meaning of the lease, there is necessarily no conflict between them regarding that obligation. *See Kaul*, 942 F.3d at 799. While United may have a "difference of opinion" concerning what arguments or strategic decisions the City should make in advancing their shared objective, that is not enough. *ByteDance*, 2021 WL 1172767, at *6 (citation omitted).

United also claims that it is entitled to intervene because the City and United are "differently situated, with different rights and obligations under the" Airline Use and Lease Agreement. Mot. to Intervene at 9. That is wrong out of the gate, as United is not party to American's lease and thus has no rights or obligations under the lease at issue in this suit. But even if United were a party to that lease, a difference in different rights and obligations is immaterial to the question of adequate representation. The legal test considers interests, not contractual duties. United points to no interest as to the litigation that the City does not share. And while United claims that the City cannot "address the economic harm to United . . . that would flow from delaying redetermination," *id.*, such purported economic harm is not a legally cognizable interest in the first place. *See supra* at 8-10. So the City's inability to speak to such purported harm does not matter.

Finally, United asserts that it must be admitted so it can "speak for itself" as to "United's intent when it entered into the contract." Mot. to Intervene at 9. But, again, United is not a party to "the contract." *Id.* What United's intent was when it executed a wholly separate lease with the City—a lease to which American is not a party, has no third-party rights, and under which

12

American has no right to sue—is irrelevant. At bottom, United "might want the microphone, but" it has not shown it "want[s] to say anything that [the City will not be] saying." *Haymarket DuPage, LLC v. Vill. of Itasca*, 2025 WL 975668, at *6 (N.D. Ill. Mar. 31, 2025) (denying intervention as of right). That is dispositive on the presumption.

## CONCLUSION

United's motion to intervene as of right should be denied.

Dated: May 20, 2025

Respectfully submitted,

/s/ *Sean Berkowitz*

Sean Berkowitz (ARDC No. 6209701)
Garrett S. Long (ARDC No. 6290075)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Fax: (312) 993-9767
sean.berkowitz@lw.com
garrett.long@lw.com

David C. Tolley (*pro hac vice* pending)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Fax: (617) 948-6001
david.tolley@lw.com

*Attorneys for American Airlines, Inc.*

13

**CERTIFICATE OF SERVICE**

    I, Sean Berkowitz, an attorney, certify that on May 20, 2025, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will serve on all counsel of record.

/s/ *Sean Berkowitz*
Sean Berkowitz