**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF CHICAGO and MICHAEL P. MCMURRAY, in his capacity as the Commissioner of the Chicago Department of Aviation, <br><br> Defendants. | Case No. 25-cv-4874 <br><br> Hon. Judge Joan H. Lefkow |

**SURRESPONSE TO DEFENDANTS' REPLY
TO UNITED AIRLINES, INC.'S MOTION TO INTERVENE**

As American Airlines, Inc. ("American") pointed out in its Opposition to United Airlines, Inc.'s ("United") Motion to Intervene, United has not carried its burden to show it is entitled to relief on three of the intervention factors. The attempt of Defendants the City of Chicago and Michael P. McMurray (together, "the City") to rehabilitate United's Motion in their "Reply" to United's Motion similarly fails to support United's request to intervene as of right in this case.

First, the City does not dispute that United must have a contractual interest in American's lease in order to have a legally protectable interest to intervene under Rule 24(a). And the City concedes that United has no such interest in American's lease. It instead argues this Court should ignore this rule because its application here yields an outcome the City doesn't like. But Rule 24(a) is mandatory: United's lack of a legally protectable interest is fatal to its effort to intervene as of right in American's contract dispute with the City.

Second, United's interests will not be impaired by this suit. For United's interests to be impaired, United must show that it cannot bring its own suit against the City to enforce the terms

1

of its independent lease. Neither the City nor United has made such a showing. Nor could they. United is free to enforce the terms of its lease in a separate lawsuit, just as American is doing here.

Finally, to the extent United has an interest in this litigation, the City can adequately represent that interest because United and the City are both advocating for the same outcome. The City's filing proves this point. United—not the City—moved to intervene as of right and has the burden to show it is entitled to that relief. And neither this Court's May 7, 2025, order nor this Court's rules contemplate replies from non-movants like the City. *See* L.R. 56.1(c), 78.3; *cf.* L.C.R. 47.1. But the City chose to file a reply and essentially argue United's motion for United, underscoring that the City can represent—and already is representing—whatever interest United may have in this litigation.

## ARGUMENT

**I.  UNITED DOES NOT HAVE A LEGALLY PROTECTABLE INTEREST IN AMERICAN'S LEASE**

The City insists that United has a legally protectable interest sufficient to intervene as of right in this case. But it is wrong on both the law and the facts. As American explained in its Opposition, Rule 24(a) and Seventh Circuit authority require that United have a direct and legally enforceable contractual interest in American's lease to intervene as of right in this contract dispute. The City does not even try to contest that legal rule; it simply asks this Court to ignore it. *See* City Reply at 2-6. But the legally protectable interest requirement is mandatory. And the City's attempts to engineer a fact dispute regarding the nature of American's contractual relationship with the City likewise fail. As the City *concedes*, American's lease is clear and unambiguous. There are two parties—the City and American—and no other party has rights, interests, or obligations under the lease.

A. **United Does Not Have The Required Direct Contractual Interest In American's Lease**

An intervenor must have a "'direct, significant, and legally protectable' interest" in the subject of the suit to intervene as of right. *Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 658 (7th Cir. 2013) (citation omitted); *see* American Opp. at 4. It is not enough that a would-be intervenor has a strong desire to intervene, that a would-be intervenor's economic interests are implicated by a suit, or that an extant party aggressively seeks intervention on behalf of a would-be intervenor. *See* American Opp. at 8-10. The intervenor's interest must be "legally protectable." *Walker*, 705 F.3d at 658. That is a legal term of art with a well-defined meaning. To be "legally protectable," an interest "must be based on a right that belongs to the proposed intervenor rather than to an existing party in the suit" and "must be so direct that the applicant would have 'a right to maintain a claim for the relief sought.'" *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985) (citations omitted); *see also Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) ("'[T]he interest [must] be one which the *substantive* law recognizes as belonging to or being owned by the applicant.' Thus, a legally protectable interest is an interest that derives from a legal right." (emphasis in original) (citations omitted)).

Here, the subject of this suit is a contract. This means that a party seeking to intervene must have a "legal interest in the agreement itself" to intervene as of right. *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 323 (7th Cir. 1995); *see also Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982). The City *concedes*—as it must—that American's lease is a contract between the City and American and that no other party has a contractual interest in the lease. *See* City Reply at 4 (noting that "each airline" has its own lease, "the City[] [enters an] agreement with each airline," and that "only one airline has executed each

3

agreement"); *see also* American Opp. at 5-6. The lease has two parties and no third-party beneficiaries. American Opp. at 5-6.

The City does not contest the well-established legal rule that an intervenor must have a contractual interest in the contract at issue in the suit; it simply asks this Court not to follow that rule because it yields an outcome the City does not want. *See* City Reply at 2-6. But the rule is not discretionary; an intervenor *must* have a legally protectable interest in the "property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a); *see Walker*, 705 F.3d at 658; *Keith*, 764 F.2d at 1268. "[T]he subject of th[is] action" is American's lease with the City—a lease in which United undisputedly has no direct interest—so the outcome here should be the same as in the cases American cited in its Opposition. Fed. R. Civ. P. 24(a); *see* American Opp. at 6-8; *see also* United Reply at 6 (admitting that, in the cases cited by American, intervention was denied because the proposed intervenors "had no direct interest in the subject matter of the litigation").

Nor is it enough that United has a "virtually identical" lease with the City, City Reply at 3, that may give United a "direct and immediate interest in the outcome of this litigation," United Reply at 6. Rule 24(a) protects interests in the "property or transaction that is the subject of the action," Fed. R. Civ. P. 24(a), not interests in the "outcome of . . . litigation," United Reply at 6.[1] And, again, this litigation is about American's rights under American's lease with the City, which are affected by the City's decision to proceed with a preferential use gate determination. That decision was the City's, not United's to make—even if it was spurred by "United's request for a redetermination of gate space"—and it must also be the City's, not United's, to defend. City Reply

---

[1] The text of Rule 24(b) reinforces this conclusion. Whereas Rule 24(a) requires an interest in the "property or transaction that is the subject of the action," Rule 24(b) more broadly permits intervention where an intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

4

at 4.[2] United's desire to be in this suit, however vociferously asserted, simply does not rise to the level of a legally protectable interest within the meaning of Rule 24(a). *See Lloyd's Syndicate 3624 v. Biological Res. Ctr. of Ill., LLC*, No. 18-cv-115, 2018 WL 3861559, at *3 (N.D. Ill. Aug. 14, 2018) (denying intervention where the proposed intervenors held "no legal interest in the insurance contract between" the two parties in the suit, even though the "Court's interpretation of" the contract "certainly could affect" the proposed intervenors).

### B. The City's Factual Contentions Are Wrong And Do Not Create A Legally Protected Interest

To the extent the City quibbles over facts, its arguments likewise fail. Even though the City admits that American's lease has two parties, it nonetheless argues that stray references to United (and most every other airline operating at O'Hare) in exhibits attached to American's lease give United a legally protectable interest in American's lease. This argument is meritless. Illinois law requires a technical, formalist approach when determining whether legal rights and interests arise under a contract and, if the text is clear, it controls. *See James v. SCR Med. Transp., Inc.*, 61 N.E.3d 1043, 1052 (Ill. App. Ct. 2016), 2016 IL App (1st) 150358, ¶ 23 (1st Dist. 2016); American Opp. at 5-6. That legal rule, along with the City's admission, resolves the question of United's legally protectable interest, and thus United's motion. But the City is also wrong about the stray references to United in exhibits to American's lease. They have nothing to do with American's

---

[2] United separately cites *Lake Investors Development Group, Inc. v. Egidi Development Group*, 715 F.2d 1256 (7th Cir. 1983), to argue that intervention is proper "where the movant's interest in its contract would be adversely affected by the litigation, even if the litigation does not directly concern the intervenor's contract." United Reply at 4. But *Lake Investors* does not support United's proffered rule. There, the Seventh Circuit held that intervention was proper because the intervenor had "a security interest in the contract rights" at issue in the suit. 715 F.2d at 1257. Unlike United, the intervenor in *Lake Investors* had an "immediate" contractual interest in "the very subject of the underlying lawsuit: 'all interest' in the real estate contract on 4601 Sheridan." *Id.* at 1259 n.4. United does not have, and does not even claim, a similar immediate contractual interest in American's lease.

5

contractual relationship with the City. They mainly relate to other airlines' (including United's) construction activity and presence at O'Hare. *See, e.g.*, Dkt. No. 1-2, at 102 (Exhibit E-1 noting United's square footage in Terminal 1); Dkt. No. 1-3, at 254 (Exhibit N noting United's plans to redesign a parking lot). The City never explains how such passing references to other companies in technical charts and tables could give rise to legally protectable contractual interests. And the City certainly never argues that every other airline at O'Hare must also be party to this suit (or any other suit involving O'Hare) because the exhibits mention other airlines, even though that is the only logical outcome of the City's position. *See* Dkt. No. 1-2, at 102 (exhibit to American's lease listing 42 airlines).

The City is equally wrong that United has a legally protectable interest in American's lease because the City Council resolution authorizing lease agreements at O'Hare refers to United. That resolution merely lists the airlines to whom the Mayor was authorized to lease space at O'Hare. *See* City of Chicago, Journal of the Proceedings of City Council 72586 (Mar. 28, 2018).[3] And even if the resolution purported to do something else, it is not a part of American's lease, which is unambiguous about there being two parties and disclaiming third-party beneficiaries. Similarly, the City is wrong that the lease's use of the term "Signatory Airline" shows that United has legally protectable interests in American's lease. As the City itself notes, American's lease defines "Signatory Airline" as an "Air Carrier that has executed *an* Airline Use and Lease Agreement with the City *substantially similar to this Agreement*." City Reply at 2 n.3 (quoting Dkt. No. 1-1, at 29) (emphasis added). This definition—which the City wrote—makes clear that each airline has its own, individual agreement with the City. *See id.* at 3. That each agreement is "substantially

---

[3] https://chicityclerk.s3.us-west-2.amazonaws.com/s3fs-public-1/reports/2018_03_28_VI_VII_VIII.pdf.

6

similar" does not mean each agreement creates legally protectable contractual interests for every other airline. *See* American Opp. at 5-6.

## II. UNITED'S INTERESTS WILL NOT BE IMPAIRED

The City's second contention, that United's interests will be impaired by this lawsuit because United cannot initiate an action against the City under its own lease, is perplexing. *See* City Reply at 5. The City points to no contractual provision or legal rule prohibiting United from pursuing an independent claim against the City. Nor could it. United is free to enforce the terms of its lease in any competent court, just as American has in this suit. Perhaps recognizing this critical flaw, the City argues in the alternative that "[e]ven if United could maintain a separate action to protect its interests in the redetermination proceeding, granting intervention so that United may protect its interests in this proceeding is the more prudent approach." *Id.* at 6. Thus, in the City's telling, United can intervene *as of right* because "[a] separate lawsuit from United would burden the *resources of the City*, the airlines . . . , and the judicial system." *Id.* (emphasis added).

This is not the law. Rule 24(a) does not give courts discretion to grant intervention as of right based on prudential considerations alone, and the City unsurprisingly cites no authority allowing prudential considerations to stand in for the requirements of the Rule. Indeed, the only case the City cites (City Reply at 6), *Security Insurance Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995), relied on prudential considerations in affirming that intervention was proper under the *permissive intervention* rubric of Rule 24(b). *See id.* at 1381-82.[4] Rule 24(b)

---

[4] The City also cites *Moore's Federal Practice* to argue that this Court may grant intervention as of right on grounds not listed in Rule 24(a). *See* City Reply at 6 (citing 6 *Moore's Federal Practice—Civil* § 24.03 (2025)). But *Moore's* plainly states that the "three criteria" discussed here are "mandatory." 6 *Moore's Federal Practice—Civil* § 24.03[1][a]. *Moore's* may endorse "a balancing and blending of the independent components" and a weighing of "the

7

explicitly calls for a court to use its "discretion" to consider whether intervention is proper. Fed. R. Civ. P. 24(b)(3). Rule 24(a), by contrast, permits no such discretion and mandates no such consideration of prudential concerns.[5] United chose to seek relief only under Rule 24(a), not Rule 24(b), *see* American Opp. at 2, and neither it nor the City can overcome the deficiencies with its Rule 24(a) arguments by importing the permissive Rule 24(b) standards into the Rule 24(a) test.

## III. THE CITY'S FILING PROVES THE CITY CAN ADEQUATELY REPRESENT UNITED'S INTERESTS

The City also fails to show that United has carried its burden to prove that the City cannot adequately represents its interest. While the City nominally argues that it "does not, and cannot, adequately represent United's interests," its actions speak louder than its words. City Reply at 7. Unaligned parties do not file procedurally irregular "replies" supporting motions they did not make. *See* L.R. 56.1(c), 78.3; Dkt. No. 17 (ordering "[a]ny response" to United's intervention

---

interests favoring intervention" against "those opposed," but it nowhere suggests that a court may grant intervention as of right even when the three criteria are not met. *Id.* § 24.03[1][b].

[5] Like United, the City relies on *Atain Specialty Insurance Co. v. Hodge*, No. 3:21-cv-00415, 2022 WL 4367358 (S.D. Ill. Sept. 21, 2022) to argue that this Court may grant intervention as of right based on consideration of factors not listed in Rule 24(a). *See* City Reply at 6. But *Atain Specialty* did not so hold. There the court found intervention proper because the court's judgment could have "preclusive effect" against the proposed intervenors. *Atain Specialty*, 2002 WL 4367358, at *2; *see* American Opp. at 9 n.2. Neither the City nor United has argued that this action would have preclusive effect in any other proceeding.

In its reply, United asserts that the preclusive effect of this suit is irrelevant to the Rule 24(a) analysis. United Reply at 6. That is wrong. Seventh Circuit authority is clear that an intervenor's interests are not impaired if there would be no preclusion. *See Meridian Homes*, 683 F.2d at 204 (noting that interests impairment assessment is "measured by the general standards of stare decisis" and that, where a decision "would not have any preclusive effect . . . [it] would not, therefore, impair [an intervenor's] ability to protect their interest."); *Lake Invs.*, 715 F.2d at 1260 (rights are impaired where decision in case would "foreclose rights of the proposed intervenor in a subsequent proceeding; foreclosure is to be measured in terms of stare decisis" (citation omitted)); American Opp. at 10-11. Notwithstanding this authority, United argues that amendments to Rule 24 eliminated preclusive effect requirement. *See* United Reply at 6-7. But the Rule was amended in 1966. *Meridian Homes* and *Lake Investors*—both of which are binding— were decided in the 1980s and applied the amended Rule. Their holding requiring preclusive effect is still good law.

motion filed on May 20, 2025 and "reply"—singular—filed on May 28, 2025); *cf.* L.C.R. 47.1 ("*The moving party* may file a reply brief . . . ." (emphasis added)). Unaligned parties do not go out of their way to carry the water for a would-be intervenor by seeking to satisfy the burden placed on the intervenor to show that intervention is proper. *See Planned Parenthood of Wis., Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019); City Reply at 2-6 (arguing that "[d]enial of intervention would impair *United's* interests" (emphasis added)). And unaligned parties most surely do not argue that they cannot represent the interests of a proposed intervenor by briefing the argument *for that intervenor*. *See* City Reply at 2-6.

By making United's argument for United, the City has demonstrated that it *can* (and will) represent whatever interest United may have in this litigation, that it is already doing so, and that it will continue to do so as this suit proceeds. *See Bost v. Ill. State Bd. of Elections*, 75 F.4th 682, 688 (7th Cir. 2023) (denying intervention as of right where existing party was making the same arguments the proposed intervenor would make, and there was no other showing of an actual or potential conflict); *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 748 (7th Cir. 2020) (government entity did not adequately represent intervenor's interests where government "d[id] not *advocate for*" proposed intervenors (emphasis in original)). At bottom, the City's procedurally irregular filing proves that United and the City are so aligned on their shared, identical goal of ensuring that the gate redetermination proceeds that the City felt both compelled and entitled to file a reply brief "advocat[ing] for" United even before United filed its *own* reply. *Driftless*, 969 F.3d at 748. This alone demonstrates that United cannot carry its burden on the final intervention factor and that United's intervention motion should be denied. *See Kaul*, 942 F.3d at 797.

\* \* \*

Far from rehabilitating United's position, the City's so-called reply demonstrates why United has no right to intervene. The City has conceded that United does not have a legally protectable interest in American's lease. It has failed to show that United has met its burden to show its interests would be impaired by this suit. And it has proven it can "advocate for" United and represent its interests perfectly. *Driftless*, 969 F.3d at 748. Indeed, the City is so adamant about representing United's interests, it is willing to bend procedural rules to do so.

## CONCLUSION

United's motion to intervene as of right should be denied.

Dated: June 5, 2025

Respectfully submitted,

/s/ *Sean Berkowitz*
Sean Berkowitz (ARDC No. 6209701)
Garrett S. Long (ARDC No. 6290075)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Fax: (312) 993-9767
sean.berkowitz@lw.com
garrett.long@lw.com

David C. Tolley (*pro hac vice*)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
Fax: (617) 948-6001
david.tolley@lw.com

*Attorneys for American Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I, Sean Berkowitz, an attorney, certify that on June 5, 2025, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will serve on all counsel of record.

        /s/ *Sean Berkowitz*
        Sean Berkowitz