IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| American Airlines, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:25-cv-04874 |
| v. ) | |
| ) | Hon. Judge Joan H. Lefkow |
| The City of Chicago, *et al*, ) | |
| ) | |
| Defendants. ) | |

**UNITED AIRLINES, INC.'S MOTION FOR LEAVE TO FILE
A SURREPLY IN SUPPORT OF ITS MOTION TO INTERVENE**

United Airlines, Inc. ("United") respectfully moves this Court for leave to file a Surreply in further support of its Motion to Intervene, in response to American Airlines, Inc.'s ("American") Surresponse, filed on June 10, 2025 (Dkt. 32, "Surresp."). United seeks leave to file a Surreply in the form attached as Exhibit 1 hereto.

American's Surresponse was an attempt to get the final word on United's Motion to Intervene. As the movant, United is entitled to respond to the last arguments that American puts forward. *See Cunningham v. Rea Magnet Wire Co., Inc.*, 2022 WL 3700876, at *1 n.3 (N.D. Ind. Aug. 25, 2022) (noting the court afforded movant leave to file a surreply *sua sponte*, "[t]o give Rea the last word on its summary judgment motion"); *Coyle Nissan, LLC v. Nissan N. Am., Inc.*, 2021 WL 679110, at *1 (S.D. Ind. Feb. 22, 2021) (granting movant's motion to supplement the record because "[t]he moving party is given the opportunity to 'have the final word' and reply to the response"); *C&F Packing Co., Inc. v. IBP, Inc.*, 916 F. Supp. 735, 741 (N.D. Ill. 1995) (rejecting request to file a surreply as the **non-movant's** "attempt to get in the 'last word'" on the motion).

While American claims that it needed an opportunity to respond to "new arguments about the substance of American's relationship with the City and its lease agreement with the City at O'Hare International Airport," raised in the City's Reply, that so-called "prejudice" was unfounded. *See* American's Mot. for Leave to File Surresp., Dkt. 30, ¶ 8. A substantial portion of American's Surresponse is directed at responding to ***United's*** reply, rather than the City's. *See, e.g.*, Surresp. at 4 (attempting to recast United's argument on reply as outside the scope of Rule 24(a)), *id.* at 5 n.2 (discussing United's reliance on *Lake Invs. Dev. Grp., Inc. v. Egidi Dev. Grp.*, 715 F.2d 1256 (7th Cir. 1983)), *id.* at 8 n. 5 (arguing "[i]n its reply, United asserts that the preclusive effect of this suit is irrelevant….").

Indeed, ***every*** case and ***every*** argument from United's reply that American takes issue with in its Surresponse had been cited or referenced by United in its Motion to Intervene, to which American has already filed an opposition. *See, e.g.*, Mot. to Intervene, Dkt. 7, at 5–7 (explaining United's interest in redetermination); 6 (citing *Lake Investors*); 7–8 (citing *Atain Specialty Ins. Co. v. Hodge*, 2022 WL 4367358 (S.D. Ill. Sept. 21, 2022), and arguing that "denial of intervention could create conflicting results"); 8–9 (arguing that the City does not adequately represent United's interests); 9 (explaining United's and the City's differently situated rights and interests). American should not be permitted to use its Surresponse to present arguments that it could have made, but failed to make, in its opposition to United's motion, without affording United the opportunity to respond.

American's Surresponse significantly prejudices United by denying it the final say on its own motion. *See Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 2010 WL 1258052, at *2 (S.D. Ind. Mar. 25, 2010) ("purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court

that the movant is entitled to the relief requested by the motion"). In light of American's Surresponse, United, as movant, should be afforded the opportunity to file its Surreply, to provide the final word on issues that are central to United's motion.

## CONCLUSION

For the foregoing reasons, United respectfully requests that the Court grant United's Motion for Leave to File a Surreply.

Dated: June 10, 2025

Respectfully submitted,

*/s/ Gabor Balassa, P.C.*
Gabor Balassa, P.C.
Amarto Bhattacharyya
gbalassa@kirkland.com
amarto.bhattacharyya@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
United States
Telephone: +1 312 862 2000

*Attorneys for United Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I, Gabor Balassa, an attorney, certify that on this date, June 10, 2025, I caused a true and correct copy of the foregoing **MOTION FOR LEAVE TO FILE A SURREPLY IN SUPPORT OF UNITED AIRLINES, INC.'S MOTION TO INTERVENE** to be electronically filed with the Clerk of the Court using CM/ECF, which will serve on all counsel of record.

*/s/ Gabor Balassa, P.C.*
Gabor Balassa, P.C.